UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALVIN L. WASHINGTON,

    Plaintiff,

    v.

RICHARD SANCHEZ, ET AL.,

    Defendants.
_____/

Case No. 21-cv-11725

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S LETTER-MOTION TO AMEND (ECF NO. 5), DENYING REMAINING PENDING MOTIONS (ECF NOS. 7-12), AND SUMMARILY DISMISSING COMPLAINT</u>**

Plaintiff Kalvin L. Washington has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1. He also filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, which the Court granted. ECF Nos. 2, 4. Because he is proceeding *in forma pauperis*, the Court is authorized to screen the case and dismiss it if, at any time, the Court determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

Washington fails to state a claim upon which relief can be granted, so the complaint will be dismissed.

1

## I. BACKGROUND

Washington is serving a twenty to thirty year sentence for a 2004 Oakland County Circuit Court conviction for third-degree criminal sexual conduct. In his complaint, he names as defendants: Detroit Police Officer Richard Sanchez, Hazel Park Police Officer Suzanne Strautz, Oakland County Prosecutor Ms. Middleditch, Oakland County Prosecutor Paul T. Walton, City of Detroit Police Department, Hazel Park Police Department, Wayne County, Oakland County, and 45 John Does.

Washington maintains that his current conviction from Oakland County is unlawful because he was tried for the same crime in Wayne County Circuit Court and acquitted. He claims that the Detroit and Hazel Park Police Departments falsely accused him of criminal sexual conduct and worked together to retry him in violation of the Double Jeopardy Clause. He also asserts that during his unlawful incarceration he has been sexually assaulted, beaten by staff members, and prevented from timely filing legal pleadings.

Washington seeks immediate release, $20 million for his 20 year sentence, $30 million for being forced to perform sexual acts against his will, and a new semi-truck to replace the semi-truck that was impounded when he was arrested.

## II. LEGAL STANDARD

The Prison Litigation Reform Act authorizes a district court to screen a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court must identify cognizable claims and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id*.

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. PLAINTIFF'S MOTIONS

Pending before the Court are seven motions filed by Washington. The first is a letter-motion to file an amended cover sheet. *See* ECF No. 5. Washington states that the original cover page he filed was incomplete because it omitted multiple defendants. He seeks to amend the complaint to name the defendants listed on an attached amended cover sheet. Because the complaint was not served

3

on the defendants and, consequently, no response has been filed, Washington may amend his complaint without leave of court pursuant to Fed. R. Civ. P. 15(a). *Tolliver v. Noble*, 752 F. App'x 254, 263-64 (6th Cir. Oct. 12, 2018) (plaintiff could file an amended complaint as a matter of right at any time before his complaint was dismissed under Rule 15(a)(1) where the complaint had not yet been served and where defendants had not responded to the complaint). The case caption shall be amended to include the defendants listed on the amended cover sheet: Wayne County Prosecutor Lori Dawson, Court Reporter Alfreda R. Conners, Oakland County Prosecutor David Gorcyca, Oakland County Circuit Judge Richard D. Kuhn, and Warden Connie Horton.

Washington filed two additional motions to amend seeking to add the Oakland County Sheriff's Department as a defendant. *See* ECF Nos. 10, 12. Because Washington has previously filed a motion to amend, he may only do so by leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." *Id.* Leave to amend may be denied if the proposed amendment would be futile. *See Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (holding a court should deny a motion to amend if the amendment would be futile). A Sheriff's Department is not a legal entity subject to suit under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Thus, allowing Washington to amend the complaint as requested would be

4

futile. Additionally, the second motion (ECF No. 12) is redundant of the first (ECF No. 10) and would have been rendered moot regardless of the Court's determination as to the first motion. Accordingly, both motions will be denied.

The remaining motions are rendered moot by the dismissal of the complaint.

### IV. DISCUSSION

Washington claims that he has been incarcerated for 18-1/2 years as the result of an unconstitutional conviction. He also maintains that during this continuing period of unconstitutional incarceration he has been sexually assaulted, beaten, and prevented from filing court papers. He seeks immediate release from prison and monetary damages. Washington's claims fail to state a claim upon which relief may be granted.

First, Washington's claims concerning the validity of his conviction are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Id*. at 487; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). If successful, Washington's claims would render his criminal conviction invalid. Accordingly, his complaint will be dismissed without prejudice under *Heck*. *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (en banc) (a dismissal under *Heck* "should generally be made without prejudice")

Washington also alleges that he has been forced to perform sex acts on a number of men while incarcerated, has been beaten by prison staff members, and prevented from filing court papers. But Washington does not attribute these factual allegations to particular defendants or allege any defendant's personal involvement with these assaults. *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

These claims will be dismissed without prejudice to Washington's right to raise them in a separate proceeding against proper defendants.

### V. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** the complaint **WITHOUT PREJUDICE**. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

The Court **GRANTS** Washington's Letter-Motion to Amend (ECF No. 5).

The Court **DENIES** Washington's Motion to Add Defendant (ECF No. 10) and Motion to Amend Defendants' Names (ECF No. 12) because amendment would be futile and **DENIES** Washington's remaining pending motions as moot. (ECF Nos. 7, 8, 9, 11).

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 27, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager