UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALVIN L. WASHINGTON,

Plaintiff,

v.

RICHARD SANCHEZ, ET AL.,

Defendants.

_____/

Case No. 21-cv-11725

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTION TO THE COURT'S OCTOBER 27, 2021 OPINION AND ORDER (ECF NO. 17)

### I.   INTRODUCTION

On October 27, 2021, this Court entered an Opinion and Order Granting Plaintiff's Letter-Motion to Amend (ECF No. 5), Denying Remaining Pending Motions (ECF Nos. 7-12), and Summarily Dismissing Complaint. ECF No. 17. Specifically, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because it was frivolous and failed to state a claim upon which relief could be granted. ECF No. 13, PageID.87. The Court found Plaintiff's claims concerning the validity of his conviction were barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id*. Additionally, while Plaintiff alleged he has been forced to perform sex acts on several men while incarcerated, he did not attribute his allegations to any particular

1

defendants. *Id.* at PageID.88. He thus failed to meet the pleading standard required by Federal Rule of Civil Procedure 8(a). *Id.* Accordingly, the Court dismissed the case without prejudice. *Id.* at PageID.89.

Plaintiff timely filed a Notice of Appeal on November 4, 2021. ECF No. 15. However, eight days after doing so, he filed an Objection to the Court's October 27, 2021 Order. ECF No. 17, which the Court will construe as a Motion for Reconsideration. For the following reasons, Plaintiff's Objection must be DENIED.

## II.   LAW & ANALYSIS

### A. The District Court Lacks Jurisdiction Over Plaintiff's Post-Judgment Motion.

This Court lacks jurisdiction to consider Plaintiff's Objection because Plaintiff has filed a notice of appeal in this case. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992) ("It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court.").

Because Plaintiff has filed a notice of appeal, this Court lacks jurisdiction to reconsider its October 27, 2021 Opinion and Order. *Workman*, 958 F. 2d at 167; *see also Raum v. Norwood*, 93 F. App'x. 693, 695 (6th Cir. 2004) ("We also note that the plaintiffs deprived the district court of jurisdiction by filing a notice of appeal before the district court had a chance to make a decision on the motion to reconsider."); *Jenkins v. Washington*, No. 2:21-CV-11708, 2021 U.S. Dist. LEXIS 179549, at *1 (E.D. Mich. Sep. 21, 2021) ("This Court lacks jurisdiction to consider Plaintiff's motion for reconsideration because plaintiff has filed a notice of appeal in this case.").

### B. Plaintiff has Not Shown He is Entitled to Relief under E.D. Mich. L.R. 7.1(h)(3).

Even if the Court retained jurisdiction over Plaintiff's Objection, it would still be denied. To successfully move for reconsideration in this District, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3); *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Plaintiff's Objection is unclear. It appears he filed two separate civil lawsuits relating to his 2004 conviction: the instant action and *Washington v. Dawson et al.*, 21-cv-12062-NGE-PTM. *See* ECF No. 17, PageID.97. He seems to object to the Court granting his motion to amend to add certain defendants because the motion was improperly filed in this case instead of *Dawson*. *Id*. Plaintiff also appears to suggest the Court incorrectly refused "to correct [the] amended cover sheet belonging to another civil action." *Id*. Thus, Plaintiff requests "all defendants and exhibits be placed in the correct civil action." *Id.* at PageID.98.

While the Court is sympathetic to Plaintiff's frustration in managing multiple lawsuits, he has not shown a "palpable defect" in the Court's original Opinion and Order. The Court summarily dismissed Plaintiff's Complaint because it found his claims were either barred by *Heck* or did not meet the pleading standard required by Federal Rule of Procedure 8(a). Plaintiff's Objection does not address either issue, and his Complaint would still be dismissed even if he received the relief he seeks. The filing advances no defect that would change this Court's conclusion that he has failed to state a claim under 42 U.S.C. § 1983.[1]

---

[1] The Court also notes Plaintiff's request—as the Court understands it—is not within this Court's powers. The Court advises Plaintiff that any requests seeking to amend the Complaint in "Case A" should be filed in "Case A," not "Case B," as

4

### III. Conclusion

Accordingly, for the reasons articulated above, Plaintiff's Objection to the Court's October 27, 2021 Order (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain<br>
GERSHWIN A. DRAIN<br>
UNITED STATES DISTRICT JUDGE

Dated:  December 10, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 10, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

---

judges do not have the authority to rule on a matter that is assigned to a different district judge.